Joseph Jitjdice, J.
The District Attorney moves for an order requiring a psychiatric examination of this defendant.
He also moves for an order directing he be supplied with copies of all reports and documents concerning the physical and mental examinations which had previously been made of the defendant pursuant to sections 658 through 662 of the old Code of Criminal Procedure. This portion of the District Attorney’s motion is made pursuant to CPL 240.20 (subd. 4).
David Bradley Traver, the defendant, was indicted for the crime of murder in violation of section 125.25 of the Penal Law. The defendant served upon the People, pursuant to CPL 250.10, a notice of defense wherein he indicates he intends to rely upon the defense of mental disease or defect at the time of the incident as defined by section 30.05 of the Penal Law.
The court has made an in depth study of article 730 of the CPL dealing with the question of mental disease and the qualifications and procedure by which a defendant can be examined in a criminal case. The court examined article 730 to determine how the current provisions differ from the provisions of the old Code of Criminal Procedure as they relate to the question of mental disease or defect of a defendant at the time of the alleged crime.
It is clear when a defendant interposed the defense of insanity he could be required, by court order, and upon motion of the District Attorney, to undergo a psychiatric examination under section 658 of the old Code of Criminal Procedure. It appears the CPL has continued the provisions of the old Code of Criminal Procedure concerning a defendant’s competency to stand trial, but article 730 makes no provision for a court ordered examination to determine a defendant’s mental capacity or mental state at the time of the alleged commission of the crime. Nor does article 730 make any provision for a court ordered examination when the defense of insanity under section 30.05 of the Penal Law is raised although this was well defined in the old Code of Criminal Procedure. This failure to incorporate those provisions of section 658 of the Code of Criminal Procedure into article 730 of the CPL insofar as a District Attorney’s right to an examination is concerned must have been an oversight on the part of the draftsmen of the new CPL. The court can find no clear line of authority as to whether it has the right to order a mental examination in such a case as this, but it would seem the best rule would be to permit an examination in the present case for the following reasons.
Section 30.05 allows a defendant to interpose a defense of mental disease or defect, and since mental disease or defect is *164 classified under this section as a plain “ defense ”, the burden of disproving it beyond a reasonable doubt rests with the People. Since the People have this burden, the People could not sustain it unless they had the right to request a court ordered psychiatric examination of a defendant. The People clearly had the right to move for a psychiatric examination under section 658 of the old Code of Criminal Procedure, and since they had the right under the old Code of Criminal Procedure, that right cannot be lost under article 730 of the CPL merely because there may have been an oversight in omitting this provision. Were the court to hold otherwise it would defeat the purpose and intent of section 30.05 of the Penal Law for no way would be provided wherein a District Attorney could sustain his burden of proof insofar as the defense of mental disease is concerned.
It is inconceivable that the District Attorney should no longer have a right to a court directed psychiatric examination especially in view of the strong opinion rendered by the Court of Appeals in Lee v. County Ct. of Erie County (27 N Y 2d 432). Even though the Lee case was decided before the CPL became effective, the court is of the opinion a District Attorney’s rights in a case involving the question of mental disease as a defense were well defined therein.
Accordingly, the court grants the first portion of the District Attorney’s motion and directs the defendant subject himself to a psychiatric examination by psychiatrists selected by the District Attorney.
The court does not believe, however, the District Attorney is entitled to the relief sought in the second portion of his motion. CPL 240.20 (subd. 4) does not cover the District Attorney’s request for copies of the medical reports previously made concerning this defendant. This section was intended to allow the District Attorney to obtain material in a defendant’s possession by way of pretrial disclosure only when a defense motion is pending for pretrial disclosure. In other words, the section indicates that once the court has granted a defense motion for discovery, the District Attorney can request the court to condition its order by directing discovery of property which is in the control of the defendant. This is not the case here since no motion for discovery by the defendant is pending ; therefore, the court has no reason to act under subdivision 4 of CPL 240.20.
In view of the foregoing, the District Attorney has no right to make an independent motion for discovery under the aforementioned section.
*165 Accordingly, and the court so orders, the District Attorney’s motion for discovery of the reports and documents concerning the physical and mental examinations of the defendant is denied.
The court further directs the District Attorney to submit an order in conformance with the decision of the court.