**STATE ex rel. George R. WESTFALL, Relator,**

v.

**Honorable William H. CRANDALL, Jr., Judge, Twenty-First Judicial Circuit, St. Louis County, Missouri, Division 1, Respondent.**

No. 42992.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied Feb. 9, 1981.

George Westfall and James Cook, Clayton, for relator.

Leonard J. Frankel, Clayton, for respondent.

REINHARD, Judge.

Relator, the State of Missouri, seeks to obtain a peremptory writ of mandamus to compel respondent judge to order Thomas Michael Dixon to submit to a mental examination by a doctor of the state's choice. The alleged need for the writ arose out of the following set of facts.

On December 6, 1979, the state charged Thomas Michael Dixon (hereinafter referred to as "defendant") with murder in the second degree. Pursuant to discovery, the defendant informed the state that he intended to use the special negative defense of diminished mental capacity. To establish this defense, defendant employed Dr. Moisy Shopper who conducted a mental examination of defendant. The defendant apprised the state of his intention to rely on Dr. Shopper as an expert witness, provided the state with a copy of Dr. Shopper's report, and then participated in an interview of Dr. Shopper with the Assistant Prosecuting Attorney.

In response to this information, the state filed a motion for examination of defendant pursuant to Missouri Supreme Court Rule 25.06 seeking permission for Dr. Joseph Shuman to conduct a mental examination of defendant.[1]

On May 2, 1980, respondent judge overruled the state's motion for a mental examination of defendant. Respondent judge stated that the state had shown "good cause" for ordering the examination pursuant to Rule 25.06(B), but that the rule did not provide for mental examination.

The state filed its petition for writ of mandamus in this court on May 29, 1980. On May 30, 1980, we granted an alternative writ of mandamus. We make said writ peremptory for the following reasons.

Initially, we note that the party requesting a writ must show that he has a clear and specific right to the relief sought, and that such a writ will not lie where there is another adequate remedy available at law. *State ex rel. Mantle v. McCuskey*, 548 S.W.2d 580, 582 (Mo.App.1977). A writ will lie where a supposed discretion has been capriciously or arbitrarily exercised. *State ex rel. Diners' Financial Corporation v. Swink*, 434 S.W.2d 593, 597 (Mo.App.1968). In short, mandamus is the proper remedy "to command performance of duties when that discretionary power is exercised with manifest injustice." *Id.*

Under the rules of criminal procedure, the trial court is given broad discretion regarding discovery matters. *See, e. g.,* Rule 25.06. Respondent claims that because Rule 25.06 does not specifically authorize court-ordered mental examinations of accused, the court correctly denied the state's motion. We find this reading of Rule 25.06 to be too narrow.

In resolving the issue before us, it is necessary to review the overall discovery scheme as contemplated by Rule 25 of the Rules of Criminal Procedure and applicable statutes. It is well established that the rules set forth under Rule 25 "promulgate a procedure, within constitutional definition, for mutual pre-trial disclosure between the

---

1. By written stipulation, the state and the defendant agreed that Dr. Shopper would testify that defendant "is not now and has not been suffering from a mental disease or defect as defined in RSMo 552.020" and that "the defendant is not now and does not intend to rely upon the defense of mental disease or defect as defined in RSMo 552.020." Under this section, the state would be entitled to a separate mental examination.

parties in cases of felony. Their desideratum is a quest for truth which promotes informed pleas, expedited trials, a minimum of surprise and opportunity for effective cross–examination." *State v. Buckner*, 526 S.W.2d 387, 392 (Mo.App.1975). The provisions clearly express an intent to make discovery a cross exchange which minimizes the advantage either side might have in the discovery process.

With these policy considerations in mind, we look to the language of Rule 25.06(B):

Upon motion by the state, and subject to constitutional limitations and any other safeguards deemed appropriate by the court, and upon a showing of good cause, the court may order the defendant to: [nine specific items] . . .

We do not believe that the drafters of this rule intended the list of nine to be all inclusive and restrictive. Although a "mental examination" is not specifically listed as one of the nine, it is similar to a "physical or medical inspection of his body" as expressed in subpart 9.

Further, in light of Rule 19.04 which provides: "If no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with judicial decisions or applicable statutes," our decision is consistent with the applicable statutes.

While defendant is not claiming the defense of not guilty by reason of mental disease or defect excluding responsibility for his criminal conduct under § 552.030(1), he is claiming the "special negative defense" of diminished mental capacity. The Supreme Court first recognized this defense in 1974 in the case of *State v. Anderson*, 515 S.W.2d 534 (Mo. banc 1974). In *Anderson*, the court found that § 552.030(3)(1) provided the statutory authority for the defense of diminished capacity which permits proof of mental disease or defect as evidence of lack of deliberate or premeditated design. *Id.* at 538–39. Section 552.030(3) provides:

Evidence that defendant did or did not suffer from a mental disease or defect shall be admissible

(1) To prove that the defendant did or did not have a state of mind which is an element of the offenses; . . .

The defense of diminished mental capacity, being a "special negative defense," MAI–CR2d 3.74, note 6, is one in which the defendant does not carry the burden of proof. MAI–CR2d 2.04, note 2. Therefore, once a defendant raises the defense of diminished mental capacity, the state has the burden of proving that the defendant did not suffer from a mental disease or defect affecting his state of mind. Inherent in this burden of proof, is the recognition that the state will need to have the defendant's mental abilities examined. The trial court's failure to order a mental examination, upon good cause being shown, effectively hampered the state from carrying its burden of proof on the intent element. *See People v. Traver*, 70 Misc.2d 162, 332 N.Y.S.2d 955, 957 (1975).

Here, the state admits that compelling discovery under Rule 25.06(B) is discretionary with the trial court. The cases generally hold that where discretion is involved, mandamus is an improper remedy, absent abuse. *E. g., State ex rel. Keystone Laundry and Dry Cleaners v. McDonnell*, 426 S.W.2d 11, 14 (Mo.1968). Here, the trial judge determined that the state had shown good cause for relief but misinterpreted Rule 25.06(B) as not providing for the discovery requested by the state. We have determined that the rule permits the trial court to compel a mental examination. Since the court found good cause and the defendant failed to assert or show abuse, constitutional or otherwise, which would result from the ordering of the mental examination, the denial of the discovery constituted an abuse of discretion. The state's sole remedy was that of mandamus because it had no right to appeal. Denial of the state's requested discovery constitutes a manifest injustice to the state. *State ex rel. Diners' Financial Corp. v. Swink*, 434 S.W.2d 593, 597 (Mo.App.1968). Had the positions been reversed and it had been the defendant's request for discovery which had been denied, the denial would have been reviewable on appeal.

**48**

We make the alternative writ of mandamus peremptory. Respondent commanded to enter an order granting the state's request for the examination of defendant.

CRIST, P. J. and SNYDER, J., concur.