**STATE of Missouri, Respondent,**

v.

**Michael S. KELLEY, Appellant.**

**No. WD35799.**

Missouri Court of Appeals,
Western District.

April 2, 1985.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 28, 1985.

Application to Transfer Denied
Aug. 7, 1985.

James Knappenberger, Charles M. Shaw, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Kelley appeals from his conviction of two counts of selling a controlled substance, in violation of Section 195.020 RSMo 1978. He asserts the trial court erred in allowing the State to depose his alibi witnesses and in allowing those depositions to be used for impeachment purposes at trial. He further asserts the prosecutor engaged in prosecutorial misconduct, condoned by the trial court.

Kelley was charged with three counts of selling LSD and marijuana to Joe Crump, an undercover Highway Patrol officer. Kelley allegedly sold the officer LSD (Count I) and marijuana (Count II) on November 10, 1982, and LSD (Count III) on November 19, 1982, in Columbia, Missouri. While Kelley admitted being in Columbia on November 10, 1982, he asserted, and five of his alibi witnesses testified, that he was not in Columbia on November 19, but was deer hunting on his father's farm in Ellsinore, Missouri.

Prior to trial, the State filed a discovery motion, including a request, with which Kelley complied, for the names of all alibi witnesses Kelley intended to call. The State then filed a motion to take depositions of those witnesses, stating, "said depositions are requested by the State in order to prepare adequately for trial and not to delay the trial." Defense counsel opposed the motion, but the court granted it and the State deposed nine of Kelley's alibi witnesses. Approximately two months later, the State nolle prossed Count III, which involved the alleged sale of LSD on November 19.

Although the November 19 Count was nolle prossed, much of the testimony adduced at trial focused on Kelley's whereabouts on that date; Kelley and his witnesses asserting Kelley had been in Ellsinore, Mo., some 250 miles from Columbia, and Crump stating he and Kelley had met in Columbia for another drug transaction.

The State used the depositions of two witnesses, James Kelley, Kelley's father, and Robert Hilterbrand, Kelley's brother-in-law, during cross-examination, for impeachment purposes. Kelley had made a trip to Florida in January, 1983. At his deposition, James Kelley had not recalled when the trip had taken place but, at trial, he testified Kelley had left January 1, 1983. Upon being confronted with this apparent inconsistency, Mr. Kelley said he had looked the date up on a postcard after his deposition. Similarly, at his deposition, Hilterbrand had not recalled when deer season had opened, but at trial testified as to the exact dates. In response to questioning, Hilterbrand testified he had later looked up the dates.

Kelley's allegations of error stem from one basic premise; that the State was erroneously granted the opportunity to take and use the depositions of the defendant's alibi witnesses, in violation of Rule 25.14. At trial, when the State attempted to use the depositions and again in his new trial motion, Kelley objected to the depositions' use.

Kelley asserts Rule 25.14 precludes the State from taking and using depositions of his witnesses merely for discovery purposes. The State argues that, pursuant to the policy of reciprocal discovery, *State v. Carter*, 641 S.W.2d 54, 58 (Mo. banc 1982), *cert. denied* 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983); *State v. Dixon*, 655 S.W.2d 547, 560 (Mo.App.1983); *State ex rel. Westfall v. Crandall*, 610 S.W.2d 45, 46–47 (Mo.App.1980), it should be allowed to take the depositions of such witnesses and, once taken, to use those depositions as in civil cases.

No statutory or rule authority is cited by the State for such a power in the circuit court, except the claim that the discovery rules are "reciprocal." The State argues the defendant's unlimited right to the taking of depositions, pursuant to Rule 25.12 and Section 545.380 RSMo 1979, necessitates a reciprocal right in the State to the same unlimited right to discovery by deposition.

The State supports the argument by asserting:

Discovery in criminal cases is based upon the proposition "that the ends of justice will best be served by a system of liberal discovery which gives both sides the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Wardius v. Oregon*, 412 U.S. 470, 473, 93 S.Ct. 2208, 2211[3], 37 L.Ed.2d 82 (1973); and see, *State v. Petree*, 568 S.W.2d 546, 548[1] (Mo.App., K.C.D.1978). "The adversary system of trial is hardly an end in itself; it is not

yet a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida,* 399 U.S. 78, 82, 90 S.Ct. 1893, 1896[3], 26 L.Ed.2d 446 (1970). The rules of discovery are intended to promote informed pleas, to expedite trials, to minimize surprise, and to increase the opportunity for effective cross-examination. *State ex rel. Westfall v. Crandall,* 610 S.W.2d 45, 47[2] (Mo.App.E.D.1980); *State v. Dixon,* 655 S.W.2d 547, 560 (Mo. App., E.D.1983).

The State relies on *State ex rel. Westfall v. Crandall, supra,* wherein the court sustained a request for mental examination by interpreting broadly the provisions of Rule 25.06(B) to minimize the advantage either side might have in the discovery process.

Rule 25.14 provides, in part, that "[u]pon a hearing of an application of counsel for the state duly served upon defendant or his counsel, and a finding by the court having jurisdiction to try the case wherein the defendant is charged with a felony, that it is necessary to take the deposition of any witness within the state, other than defendant and spouse, *in order to preserve the testimony,* and on condition that the court make such orders as will fully protect the rights of personal confrontation and cross-examination of the witness by defendant, the state may take the deposition of such witness and either party may use the same at the trial, subject to Rules 25.13 and 25.15 provided there has been substantial compliance with such orders." (Emphasis added.) Rule 25.14 is basically a re-script of Mo. Const. Art. I, Sec. 18(b), and, in enacting the rule, the Supreme Court can be presumed to have been aware of the constitutional provision it tracked. *See,* Mo. Const. Art. V, Sec. 5; *State ex rel. R–1 School District of Putnam Co. v. Ewing,* 404 S.W.2d 433, 436–37 (Mo.App.1966). Art. I, Sec. 18(b), adopted in the 1945 constitution, gave the State the right, under certain limitations, *State v. Jackson,* 495 S.W.2d 80, 85 (Mo.App.1973), to take depositions of witnesses (not the defendant and spouse) in felony cases. Research has disclosed no cases wherein the limitation on the taking, as opposed to the use, of such depositions has been discussed. In two instances, the issue was raised peripherally but dropped as not preserved for appellate review. *State v. Hankins,* 642 S.W.2d 606, 610–11 (Mo.1982); *State v. Brookins,* 478 S.W.2d 372, 375 (Mo.1972). In *Hankins,* the court allowed a deposition to be used. However, the *taking* of the deposition was not a point preserved for appeal and the *use* was approved because the witness was found to be unavailable.

Prior to the 1945 Constitution, the State did not have the right to take any depositions in criminal cases. Art. I, Section 18(b) gave the State that right, but, by its language, limited the right to situations where it was "necessary ... in order to preserve the [witness's] testimony." To comprehend the intended scope of the amendment, the rule which developed from it, and the meaning of the limitation, the constitutional convention debates may be consulted. While not binding upon this court, those debates are persuasive in light of the specific circumstances of this case. *Metal Form Corp. v. Leachman,* 599 S.W.2d 922, 926 (Mo. banc 1980).

The debates on what was to become Art I, Section 18(b) of the 1945 Missouri Constitution focused on whether the State should be given the right, in any situation, to take depositions in a criminal case. As it was proposed by the committee, the Section placed no limitations, but the requirement that the defendant's right of confrontation and cross-examination be scrupulously honored, on the state's right to take such depositions. Arguments about the wisdom of this provision were made by many delegates. They expressed total opposition to granting the State any authority to take depositions because of a perceived lack of safeguards in the resulting use of those depositions. One delegate proposed a compromise solution to the problem. Mr. McReynolds stated, "Frankly, after hearing this discussion, I have very grave doubts about a blanket authority to take depositions. On the other hand, I have readily recognized that there are a lot of

instances where testimony ought to be preserved ... it seems to me that in the rewriting of this Section it might affect the purpose by authorizing some method of preserving the testimony of the witnesses...." *Debates of the Missouri Constitution 1945*, Vol. 6, p. 1558. Mr. Mayer, another delegate, responded, stating he had already drawn up such a provision as an amendment to the proposed section. Mr. Mayer's amendment, as to this language, provided that the State could take the witnesses' depositions "in order to preserve the testimony." This language was further debated by the delegates, but the provision was ultimately adopted in Art I, Section 18(b), and subsequently in Rule 25.14. The argument for adoption of the section as amended, which finally prevailed, rested upon the perception that in some instances the State should be able to *preserve* testimony. Mr. Marr stated, "... all of us are in favor of discouraging taking of depositions as much as possible, and if the witness is in the state, and it's possible to have the witness in court, the State should have him there." *Debates*, Vol. 6, p. 1564. Mr. Mayer, referring to the situation wherein the sole state's witness to a crime was not going to be available at trial (due to absence from the state, sickness, or death), recommended Section 18(b) be adopted in order to preserve that testimony and stated, "the purpose of this whole section and the only purpose of it is to prevent cases [like] that...." *Debates*, Vol. 7, p. 1892. It is evident that the delegates to the convention specifically intended that the State's right to take depositions in criminal cases be limited to depositions necessary to preserve testimony. There was no discussion of the taking of depositions of the defendant's witnesses. The provision for taking depositions was seen as the creation of a limited right. Rule 25.14 and Art. I, Section 18(b) clearly mandate that the State take depositions in felony cases only *if necessary in order to preserve testimony.* In this case, neither the State nor the trial court alleged nor found that the State took the depositions of Kelley's alibi witnesses in order to preserve their testimony. The

depositions were taken in Boone County and none of the witnesses were ill, dying, servicemen, or aliens. In short, nothing prevented their being available at trial. The State admitted in argument and in its brief that other processes were available to it to gain the information received in the depositions, but those processes were not utilized.

The State is correct in urging that no constitutional impediment exists to prohibit discovery depositions by the State. The right of confrontation applies not to the defendant's witnesses, but only to those who testify against him. Further, as the State's argument notes, it is the *use* of depositions and not the taking that may involve the confrontation issue.

There is no doubt that such deposition practice might be authorized by statute or rule, but that has not been done. The legislature, by S.B. 24, Laws of Mo.1983, pp. 920–921, enacted a statute defining "essential state witnesses" and providing for the conditional taking· of such witnesses' depositions. Inexplicably, the Revisor included the statute as Section 492.303 RSMo 1978, placing it among the provisions concerning the taking of civil depositions. The statute specifically restricts the admissibility of the depositions to instances where a deposition to "preserve testimony" would be admissible or where the Rules of Criminal Procedure permit its use. No attempt was made by the legislature to broaden the State's right to depose defense witnesses.

It is not surprising that the debates contain no discussion of the State's right to depose the defendant's witnesses. As the law stood in 1945, the notion of discovery by the State, of the defenses to be offered and the witnesses to support the defenses, was unheard of. The debates and the constitutional article demonstrate that the assumption of the delegates was that under the existing law, the constitution had to provide authority for *any* depositions by the State. The conclusion of the delegates, expressed in Mo. Const. Art. I, Section 18(b) is to permit such depositions in a very limited area. That does not mean no other

depositions by the state are constitutionally permitted—it means only that such limited use of depositions is authorized.

■ There is simply no basis to construe Rule 25.14 as the State suggests. The language of the rule is the language of the constitution and the intent of that language, as demonstrated above, was to narrowly circumscribe the State's right to take depositions.

There being no authority for the circuit court to order the taking of the depositions, the Court's action in ordering the depositions, and the subsequent use of the depositions constitutes error, and reversible error if prejudicial.

■ There was no prejudice to the defendant Kelley under the facts of this case. The witnesses who testified as to alibi were permitted to state the defendant's whereabouts on the date charged, in the count that was nolle prossed. Crump was cross-examined by the defendant as to his claim that he had a drug transaction with defendant on a day when defendant's alibi was unimpeached. The purported use of the depositions for impeachment was not in any way injurious to the defendant. The limited use of the depositions did not prejudice the defendant.

The additional point raised by the defendant does not specify the actions of the trial court claimed to be erroneous and presents nothing for review on this appeal. Rule 30.06(d). Finding no prejudicial error, the conviction is affirmed.

All concur.