STATE of Missouri ex rel. Marvin L. CHANEY, Relator,

v.

The Honorable James A. FRANKLIN, Jr., Judge of the Circuit Court of Camden County, Respondent.

No. 21252.

Missouri Court of Appeals, Southern District, Division One.

March 25, 1997.

Patrick J. Berrigan, Assistant Public Defender, Kansas City, S. Dean Price, Springfield, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Assistant Attorney General, Jefferson City, W. James Icenogle, Camden County Prosecutor, Camdenton, for respondent.

GARRISON, Judge.

Relator, Marvin L. Chaney (Defendant), is charged with first degree murder and kidnapping. Jess W. Rush (Rush) was also charged with the same crimes. Timothy McQueen gave a sworn statement to the Camden County Prosecutor (Prosecutor) and later testified for the State at the joint preliminary hearing for Defendant and Rush. When he was called to testify at Rush's trial, McQueen refused to testify, but did not specifically invoke the Fifth Amendment.[1]

Defendant's public defender later sought McQueen's deposition. McQueen appeared at the deposition with another public defender (Batek), invoked his Fifth Amendment privilege, and refused to testify. The State then issued subpoenas for the purpose of deposing Defendant's counsel (Berrigan), Batek, and Barbara Hoppe (Hoppe), an attorney with the public defender's office whose responsibilities included assigning Batek to represent Defendant. Defendant's counsel filed a motion to quash the subpoenas alleging, among other things, that they were unreasonable and oppressive; that the "attorney-client privilege and the work-product privilege" applied to the testimony of Batek and Berrigan;[2] that none of the depositions were calculated to lead to the discovery of admissible evidence; and that neither Hoppe nor Batek had any connection with Defendant's case except through McQueen. The trial court overruled that motion.

Pursuant to Defendant's petition, we issued a preliminary order in prohibition directing that the trial court not enforce the subpoenas or otherwise require Berrigan, Batek and Hoppe to submit to the depositions sought by the State. We now make that preliminary order absolute.

---

1. As a result of his refusal, the Prosecutor and Rush's attorney agreed that McQueen's preliminary hearing testimony would be read to the jury at Rush's trial.

2. Because of the disposition which we make here, we do not reach the issue of Defendant's attempt to prevent the depositions because of an attorney-client privilege between other persons and their attorneys.

■ In an action for prohibition, there is a presumption that the trial court acted correctly. *In re Bd. of Registration for the Healing Arts v. Spinden,* 798 S.W.2d 472, 475 (Mo.App. W.D.1990). "Decisions pertaining to discovery are reversed only for an abuse of discretion." *Id.*

■ No general right to discovery exists in criminal cases, and in the absence of some statutory provision or rule of court, it is not permitted. *State v. Garner,* 799 S.W.2d 950, 956 (Mo.App. S.D.1990). Section 545.415, RSMo 1994, however, authorizes prosecuting attorneys in criminal cases to obtain the deposition of any person, and provides that the manner of taking such depositions shall be governed by the rules relating to the taking of depositions in civil actions.

In his first point, Defendant contends that the purpose for taking the depositions is now moot because of McQueen's testimony, and the trial court's ruling, at a hearing conducted by the trial court after we issued the preliminary order in prohibition. After that order was entered, the State filed a motion in the trial court entitled "Motion to Compel the Trial Testimony of Timothy McQueen and Request for Evidentiary Hearing Regarding the Same" in which it requested that the court compel McQueen to give a deposition and testify at trial, or in the alternative, if he continued to assert the Fifth Amendment, to declare that he was unavailable as a witness and that his prior testimony was admissible.

At the evidentiary hearing held on that motion, McQueen testified that no attorney, other than his appointed counsel, had advised him not to testify in the case.[3] He admitted having spoken with Defendant's counsel prior to his deposition, but said that he told the attorney he did not want to testify, and that the attorney merely told him he "would need to have counsel represent [him]." When asked if Defendant's counsel had advised him

about his rights under the Fifth Amendment, McQueen replied, "Not that I remember," and said:

> Best of my knowledge I am the one that had told Mr. Berrigan I did not want to testify. When he came to me I said, I'm not going to testify. And he said, well, he recommended that I do get counsel to represent me and that's what I have done.

McQueen said that he called the public defender's office to obtain counsel. He also said that, based on the Fifth Amendment, he did not intend to testify in the case. The trial court overruled the request that McQueen be compelled to testify, and held that he was unavailable as a witness in the case because he had invoked the Fifth Amendment.

■ A witness who claims the Fifth Amendment is thereby rendered unavailable as a witness and his prior testimony given at a preliminary hearing in the case is admissible. *State v. Holt,* 592 S.W.2d 759, 765–66 (Mo. banc 1980); *State v. Phillips,* 511 S.W.2d 841, 847 (Mo.1974); *State v. Powell,* 684 S.W.2d 514, 516 (Mo.App. E.D.1984); *see also State v. Naucke,* 829 S.W.2d 445, 451 (Mo. banc), *cert. denied,* 506 U.S. 960, 113 S.Ct. 427, 121 L.Ed.2d 348 (1992). "An exception to the confrontation requirement exists where a witness is unavailable and has given testimony which was subject to cross-examination at previous judicial proceedings against the same defendant." *State v. Holt,* 592 S.W.2d at 765. Here, the trial court has ruled that McQueen was unavailable as a witness because of his invocation of the Fifth Amendment.

■ Generally, the taking of depositions has been described as a "right." *Norkunas v. Norkunas,* 480 S.W.2d 92, 94 (Mo.App. E.D.1972); *State ex rel. Houser v. Goodman,* 406 S.W.2d 121, 125 (Mo.App. S.D.1966). That right, however, is subject to the power

---

**3.** We gather from documents filed in the trial court, as well as its brief here, that the State contends that McQueen's assertion of the Fifth Amendment was induced or precipitated by Berrigan. It points out that at the preliminary hearing, Berrigan objected during McQueen's testimony, and in his presence, claiming that McQueen was about to incriminate himself and should be so advised. The State also notes that McQueen's appearance at his deposition with counsel, who gave him advice on the Fifth Amendment, was without advance notice to it, and that it occurred after Berrigan met with McQueen to serve a subpoena for that deposition.

of the trial court to issue protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order that discovery not be had. *State ex rel. Houser v. Goodman*, 406 S.W.2d at 125. Here, Defendant sought to preclude the taking of these depositions by attempting to quash the subpoenas, partially on the theory that they would be unreasonable and oppressive.

Our courts have previously referred to federal authority in saying that they are most reluctant to interfere with a party's right to take a deposition. *Id.* at 126. In 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2037 (2d ed.1994), it is said that most attempts to deny discovery by way of depositions are denied, "[s]ince the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) [4] if any need for protection appears during the course of the examination."

Here, however, the State has disclosed its purpose in seeking the depositions in question. In its answer to the petition for writ of prohibition, the State said:

> The State seeks to depose Berrigan, Batek, and Hoppe in order to gather evidence regarding the basis for, and circumstances surrounding, McQueen's assertion of his Fifth Amendment rights. Such evidence is likely to be admissible at a hearing regarding a motion to compel McQueen's testimony or a motion to admit McQueen's prior sworn testimony at trial.

In its brief, the State says that its "sole focus and purpose in taking the depositions . . . is the admissibility of McQueen's prior sworn testimony." It concedes that the depositions are not for the purpose of discovering relevant facts bearing on the issue of Defendant's guilt, but it contends that the information sought bears on the admissibility of McQueen's testimony, which in turn establishes Defendant's guilt. The trial court,

however, has found that McQueen is unavailable as a witness.

The State argues that the depositions are needed to gather additional evidence that McQueen is unavailable to testify because of the "consent, connivance, and/or collusion" of Defendant. It cites *State v. Hester*, 801 S.W.2d 695, 696 (Mo. banc 1991), for the proposition that "out-of-court" statements are admissible if the declarant is unavailable, which includes a situation where the witness is kept away by the "connivance, collusion or consent of the other party." This rule, however, relates to "out-of-court statements," while here the State is seeking the admissibility of McQueen's prior testimony given at the preliminary hearing.

■ Although federal courts have noted a reluctance to prohibit the taking of depositions, they have also noted that an attempt to depose a party's attorney constitutes a circumstance which may justify a departure from the general rule. *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 84 (M.D.N.C.1987). While they have noted that there is no absolute prohibition against taking the deposition of a party's attorney, federal courts have held that an attempt to do so calls for a special scrutiny, noting that such depositions inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D.Fla.1990). *But see, Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 603 (D.Del.1973). When the issue is whether a party should be permitted to depose an attorney about his involvement in the case, it is appropriate to require that party to establish a legitimate basis for requesting it, and demonstrate that it will not be overly disruptive or burdensome. *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. at 85.

■ In the instant case, the State's expressed purpose for deposing the attorneys is to lay a foundation for the admission of McQueen's preliminary hearing testimony. The depositions in question will not alter the fact that McQueen has asserted his rights under the Fifth Amendment. The trial court

---

4. Rule 30(d) is the equivalent of Missouri Rule 57.03(e).

has ruled that by reason of McQueen's refusal to testify based on the Fifth Amendment, he is unavailable as a witness. Under the authorities noted above, that is a foundation for the admission of prior sworn testimony where, as apparently was the case here, the Defendant was represented and had an opportunity to cross-examine the witness.

The State has not established why the depositions in question are needed in light of the ruling already made by the trial court. Under the circumstances presented in connection with this request for an extraordinary writ, and because of the special scrutiny which should be applied to an attempt to depose attorneys concerning their involvement in cases, we are persuaded that the depositions should not be permitted. Our preliminary order in prohibition is made absolute.

Because of the disposition which we have made here, the State's Motion to Dismiss Petition for Writ of Prohibition and Quash Preliminary Writ, which was taken with the case, is denied.

BARNEY, P.J., and PREWITT, J., concur.