STATE of Missouri, ex rel., Carl D. KINSKY, Prosecuting Attorney for the County of Ste. Genevieve, State of Missouri, Petitioner,

v.

Honorable Kenneth W. PRATTE, Judge, Circuit Court of the County of Ste. Genevieve, State of Missouri, Respondent.

No. 76053.

Missouri Court of Appeals, Eastern District, Writ Division Two.

June 15, 1999.

Carl D. Kinsky, Pros. Atty., Ste. Genevieve, for petitioner.

John D. Rayfield, Cunningham, Rayfield & Bouchard, P.C., Crystal City, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Petitioner seeks to prohibit enforcement of an order of Respondent quashing the Notice of Deposition in a criminal case. Petitioner has no adequate remedy by way of appeal to challenge Respondent's order. The Court has received and considered the petition, suggestions in support of the petition, and copies of the information, the state's Request for Disclosure, Defendant's Response Thereto, the state's Notice of Deposition, Defendant's Motion to Quash Notice of Deposition, the state's Amended Notice of Deposition, and docket sheet reflecting the trial court's order quashing the

notice of deposition. Respondent has filed suggestions in opposition. The Court, being fully advised in the premises, dispenses with all further procedure in the matter in the interest of justice. Rule 84.24(j).

The State of Missouri filed an information charging Nicholas Schierhoff with assault in the first degree. The state then filed a Request for Discovery from defendant pursuant to Rule 25.05 of the Rules of Criminal Procedure. Defendant filed his answer to the State's Request for Disclosure which indicated that the defense may call as its witnesses Kyle Schierhoff, Phillip Cormier, Katherine Schierhoff and James Schierhoff. The state subsequently filed a Notice of Deposition indicating the state's intent to take the depositions of those four individuals. In response thereto defense counsel filed a Motion to Quash Notice of Deposition on the ground that the Notice of Deposition indicated that the deposition was to be taken pursuant to Missouri Rule of Civil Procedure 57.07, which was inapplicable to criminal cases and that the notice violated Missouri Rule of Criminal Procedure 25.14, in that the state had not sought the court's permission to take depositions. On the same day the state filed an Amended Notice of Deposition indicating that the deposition was to be taken pursuant to Section 545.415 RSMo (1994). That statute provides that the manner of taking the deposition is to be governed by the rules of civil procedure. At the hearing on the motion to quash, defendant argued that Section 545.415 attempted to establish a court procedure, which was a matter exclusively reserved to the judicial branch, and also that Section 545.415 did not annul or amend Rule 25.14 of the Rules of Criminal Procedure in that it was not "a law limited to the purpose". The trial court thereafter sustained the Motion to Quash on the ground that Section 545.415 had been unconstitutionally enacted.

The state has applied for a writ of prohibition on the grounds that the statute is constitutional and not precluded by Rule 25.14. Respondent argues that Rule 25.14 restricts the state's authority to take those depositions to depositions of witnesses in the state which the state has shown on motion and hearing to be necessary to preserve evidence. He further argues that Section 545.415 does not give the state authority to take depositions in a criminal case because it attempts to amend Rule 25.14, but does not validly do so because it was not "a law limited to the purpose" and did not specifically mention Rule 25.14. We agree with the state.

## I. Court and Legislative Rule–Making Authority

Prior to 1945 matters of Missouri court procedure were codified only in state statutes. The 1945 constitution gave the Missouri Supreme Court the authority to establish procedural rules. As amended in 1976, Article V, Section 5 of the Constitution of the State of Missouri provides:

> The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose.

■ Pursuant to this authority the supreme court promulgated and continues to adopt rules of criminal and civil procedure which supercede all statutes and court rules inconsistent therewith. Rules 19.02; 41.02. These rules take precedence over any contradictory statutes in procedural matters, unless the legislature specifically annuls or amends the rules in a bill limited to that purpose. *State v. Reese,* 920 S.W.2d 94, 95 (Mo. banc 1996); *Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo.

banc 1993). If no procedure is specially provided by rule, the court having jurisdiction is directed to proceed in a manner consistent with judicial precedent or applicable statutes. Rules 19.04; 41.04.

The supreme court has explained its rule-making authority as follows:

"This Court has the power to make procedural rules governing all legal matters subject only to the limitations of federal law and the Missouri Constitution." *Berdella v. Pender*, 821 S.W.2d 846, 850 (Mo. banc 1991). The Constitution grants this Court power to "establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law...." Mo. Const., Art. V, § 5.

*Reese*, 920 S.W.2d at 95.

■■ However, the constitution did not make its grant of rule making power to the judiciary exclusive. *Chastain v. Chastain*, 932 S.W.2d 396, 398 (Mo. banc 1996). The legislature continues to have the power to establish procedures. *State ex rel. Heilmann v. Clark*, 857 S.W.2d 399, 401 (Mo. App.1993). However, to annul or amend a procedure contained in a supreme court rule, it must do so "by a law limited to the purpose". Article V, Section 5. In order to amend or annul a rule, the legislature must specifically refer to the rule in the statute. *State ex rel. K.C. v. Gant*, 661 S.W.2d 483, 485 (Mo. banc 1983). Once adopted, a procedural rule controls unless it is specifically annulled or amended by the legislature. *Reese*, 920 S.W.2d at 95.

■ Article V, Section 5 prohibits the court from changing substantive rights by rule. The court has distinguished procedural law and substantive law in the context of its rule-making authority as follows:

"Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit." *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1988).

*Reese*, 920 S.W.2d at 95. Where the legislature has enacted a statute pertaining to a procedural matter which is not addressed by or inconsistent with any supreme court rule, the statute must be enforced. *Heilmann*, 857 S.W.2d at 401.

II. *Rule 25.14/ Section 545.415*

■ Against this background we turn to the issue raised in this writ application. Respondent contends that Section 545.415 is superceded by Rule 25.14 because Section 545.415 did not specifically amend or annul Rule 25.14. This argument is based on the faulty assumptions that both Rule 25.14 and Section 545.415 are procedural rather than substantive and that they conflict with each other.

That portion of Rule 25.14 which gives the state a restricted right to take depositions to preserve evidence is not procedural but incorporates a substantive right created by Article I, Section 18(b) of the Missouri Constitution, adopted in 1945. Prior to 1945 the state did not have the right to take depositions in criminal cases. *State v. Kelley*, 693 S.W.2d 114 (Mo.App. 1985). This Section of the constitution allows the state, with certain restrictions, to take depositions of witnesses in the state in criminal cases to preserve testimony and gives any party the right to use the deposition at trial:

§ 18(b). Depositions in felony cases

Upon a hearing and finding by the circuit court in any case wherein the accused is charged with a felony, that it is necessary to take the deposition of any witness within the state, other than defendant and spouse, in order to preserve the testimony, and on condition that the court make such orders as will fully protect the rights of personal confrontation and cross-examination of the witness by defendant, the state may

take the deposition of such witness and either party may use the same at the trial, as in civil cases, provided there has been substantial compliance with such orders. The reasonable personal and traveling expenses of defendant and his counsel shall be paid by the state or county as provided by law.

This constitutional provision has been interpreted as giving the state a "right", under certain limitations, to take depositions. *State v. Owens*, 391 S.W.2d 248, 252 (Mo.1965). However, it only authorizes depositions to preserve testimony. *Kelley*, 693 S.W.2d at 117–18. It did not authorize the state to take discovery depositions. *Id.* at 117. Generally, the taking of a deposition is a "right" which is not permitted in the absence of a statute or rule. *State ex rel. Chaney v. Franklin*, 941 S.W.2d 790, 792 (Mo.App.1997).

Pursuant to its authority, the supreme court adopted Rule 25.23, subsequently numbered and adopted as Rule 25.14, which tracked this constitutional provision and also set out additional procedures governing such depositions and applications therefore:

RULE 25.14 **MISDEMEANORS OR FELONIES—DEPOSITION BY STATE—WHEN AND HOW TAKEN**

Upon a hearing of an application of counsel for the state duly served upon defendant or his counsel, and a finding by the court having jurisdiction to try the case wherein the defendant is charged with a felony, that it is necessary to take the deposition of any witness within the state, other than defendant and spouse, in order to preserve the testimony, and on condition that the court make such orders as will fully protect the rights of personal confrontation and cross-examination of the witness by defendant, the state may take the deposition of such witness and either party may use the same at the trial, subject to Rules 25.13 and 25.15 provid-

ed there has been substantial compliance with such orders. The reasonable personal and traveling expenses of defendant and his counsel shall be taxed as costs and paid by the state or county as provided by law. Wherever it is practicable to do so, the court shall direct that the deposition be taken in the county where the case is pending. In such cases, the officer before whom the deposition is to be taken shall have authority to issue a subpoena which shall require the attendance of the witness at the deposition in the same manner as is provided with respect to the attendance of witnesses at the trial of a criminal case.

"Rule 25.14 is basically a re-script of the Mo. Const. Art. I, Sec. 18(b), and, in enacting the rule, the Supreme Court can be presumed to have been aware of the constitutional provision it tracked." *Kelley*, 693 S.W.2d at 116. Like Section 18(b), Rule 25.14 applies only to depositions to preserve testimony for trial.

The *Kelley* decision, handed down in 1985, observed that "[t]here is no doubt that [discovery] deposition practice might be authorized by statute or rule but that has not been done." 693 S.W.2d at 117. Subsequently, in 1994 the legislature enacted Section 545.415 which allows prosecutors to take depositions of any person under the rules governing civil discovery practice. It provides as follows:

Beginning July 1, 1995, a prosecuting or circuit attorney in any criminal case pending in any court may obtain the deposition of any person on oral examination. The manner of taking such depositions shall be governed by the rules relating to the taking of depositions in civil actions. The depositions of any person confined in prison shall be taken where such person is confined.

This statute is broadly worded. However, this statute cannot change the substantive law set out in Article I, Section 18 or the procedures set out in Rule 24.15 applicable to depositions to preserve testimony.

Such depositions are subject to those provisions. But, to the extent that Section 545.415 confers on the state a new substantive right to take discovery depositions of any person in criminal cases and procedures to implement that right, it does not conflict with or contradict Rule 25.14, or violate Article I, Section 18(b) of the constitution, because neither the constitution nor the rule prohibit discovery depositions. Rather, as held in *Kelley,* these provisions do not provide for such discovery. The legislature could validly give the state the right to take discovery depositions in criminal cases and mandate procedures therefore without violating Article I, Section 18(b) or annulling or amending those parts of Rule 25.14 not mandated by the constitution.

Under Section 545.415 the state could take a discovery deposition upon notice as set out in Rule 57. The state's notice of deposition should not have been quashed.

Peremptory Writ of Prohibition is issued. Respondent is directed to set aside his order of April 20, 1999 sustaining the motion to quash notice of deposition.

JAMES A. PUDLOWSKI, J. and LAWRENCE E. MOONEY, J., concur.