**STATE of Missouri, Respondent,**

v.

**Burnice (Buehla)
UNDERWOOD, Appellant.**

**No. WD 37777.**

Missouri Court of Appeals,
Western District.

Sept. 9, 1986.

David Rahm, Rahm, Rahm, Crawford and Rahm, Marshall, for appellant.

William L. Webster, Atty. Gen., Jefferson City, John M. Morris, Asst. Atty. Gen., for respondent.

Before BERREY, J., Presiding, and PRITCHARD and DIXON, JJ.

PER CURIAM:

Defendant appeals from a bench-trial conviction of harassment, § 565.090, RSMo 1978, and sentence to thirty days imprisonment in the county jail, with one year's probation. Her sole assignment of error on appeal is that the court erred by overruling her motion for judgment of acquittal because the state did not prove that a phone call was made by defendant for the purpose of frightening or disturbing the alleged victim.

Defendant was charged by information with harassing Deena F. Winter by making

repeated telephone calls to Winter's residence on or about July 2, 1985, for the purpose of disturbing her. The statute provides that a person commits the crime of harassment if, for the purpose of frightening or disturbing another person, she: "(2) [m]akes a telephone call or communicates in writing and uses coarse language offensive to one of average sensibility; or (3) [m]akes a telephone call anonymously; or (4) [m]akes repeated telephone calls." Section 565.090, RSMo 1978.

The sufficiency of the evidence is determined by the same standard in a court-tried case as in a jury-tried case. *State v. Koetting*, 691 S.W.2d 328, 329 (Mo.App.1985). In reviewing the sufficiency of the evidence to support the conviction, the reviewing court must accept as true all evidence, direct and circumstantial, together with all reasonable inferences that support the judgment, and disregard all contrary evidence and inferences. *Id.* at 330. The appellate court may not weigh the evidence and may review the record only to determine whether there was sufficient evidence from which the trier of fact could reasonably have found the defendant guilty as charged. *Id.* at 329–330.

Winter, the victim, had been acquainted with the defendant for approximately four years before the harassment began. Winter and defendant, along with their husbands, visited each other's homes and went out to dinner together on several occasions. Both couples were separated at the time of the trial. Winter lived with her parents at 703 Pine Street, Sweet Springs, Missouri, until approximately two weeks prior to the incident charged in the information.

During the evening of April 27, 1985, Winter's mother received several phone calls in which the caller hung up the phone without speaking. Winter observed defendant driving past her parents' house frequently during the spring of 1985. On three separate occasions, defendant visited Winter's place of employment and warned her to leave defendant's husband alone. On May 6 or 7, 1985, Winter received an anonymous telephone call in which the call-er accused Winter of meeting with the caller's husband and demanded that Winter leave the husband alone. The first call lasted approximately five minutes before Winter hung up. A few minutes later, the phone rang again. The second call lasted thirty to forty-five minutes. Winter's parents called the police from another phone during the second conversation. Officer Jessie Galloway came to the house and listened to part of the second call. Both the officer and Winter identified the caller as defendant. In the period between May and July, 1985, Winter received several additional calls in which the caller did not speak.

The police put a tracer on the phone. On July 2, 1985, between 11 p.m. and 11:20 p.m., a call was received in which the caller did not speak. Winter had just left her parents' house to walk across the yard to the trailer where she had recently moved. Her mother left the receiver off the hook and went to get Winter. Winter called the phone company from the trailer and asked that the call be traced, then both Winter and her mother walked back to the parents' house. When Winter picked up the phone, she heard a female voice threatening to file a report with the telephone company unless the receiver was replaced to disconnect the call. Winter identified the voice of the caller as that of the defendant, and a trace conducted by the phone company confirmed that the call originated from defendant's residence.

Defendant's sole point on appeal is that the trial court erred by failing to sustain her motion for judgment of acquittal at the close of the state's evidence. Although it is difficult to discern from the brief, she apparently is arguing that the state did not introduce any evidence to show that the intended victim of the call was Winter, because the call was made to the home of Winter's parents and not to Winter's trailer. No authorities are offered in support of this contention in defendant's brief; however, in oral argument defendant cited *State v. Koetting*, 616 S.W.2d 822 (Mo. banc 1981), for the proposition that § 565.-

090, RSMo 1978 was enacted *only* to protect the privacy of persons within their *own* homes. The statute contains no such limitation.

■ Regarding the intent aspect of defendant's claim, the harassment statute requires a specific intent to frighten or disturb. *State v. Koetting*, 691 S.W.2d at 330. The intent of a person charged with an offense which requires a specific intent as an element of the offense is generally not susceptible of direct proof and is usually established by circumstantial evidence. *State v. Heitman*, 613 S.W.2d 902, 905 (Mo.App.1981).

Accepting Winter's testimony as true, she received numerous anonymous calls during the spring of 1985. She identified defendant as the caller on several occasions. Defendant called Winter an obscene name and warned her to stop trying to see defendant's husband. The trier of fact could reasonably infer from these facts that Winter was the intended victim of the calls. Defendant called the same number on July 2, 1985, where she had reached Winter in the past. Winter had moved to the trailer, which is adjacent to her parents' home, only two weeks or so before defendant placed the call. Winter was a frequent visitor to her parents' house; she left their house only a few minutes before they received the July 2, 1985, call. Winter's new telephone number was unlisted and she refused to reveal it even to the court. From all the circumstances, the court could reasonably infer that defendant intended to call Winter.

■ Concerning her claim made in oral argument that the harassment statute only applies to calls made to a victim's home, defendant is correct in her recitation of the language used in *State v. Koetting*, 616 S.W.2d at 827. Deciding constitutional issues of overbreadth and vagueness, the court there stated that "[b]ecause [§ 565.-090] applies only to protect the privacy of persons *within their own homes,* the statute is not overbroad." *Id.* (emphasis added). Defendant argues that because Winter received the call at her mother's home

and not her own home, she is given no protection by the statute. Defendant, by taking the above-quoted statement out of context, reads the supreme court's opinion in *Koetting* too narrowly. The focus of the discussion in *Koetting* is the protection of one's privacy interests and how far the state may go in preventing one speaker exercising his right of expression from substantially infringing upon another's right to be free from such expressions. Immediately prior to making the statement relied on by defendant the court stated, "To require a telephone subscriber to deny himself the use of the system to avoid harassment is clearly unreasonable and *the state has a legitimate interest in providing a means of punishing those who would abuse the system and flagrantly infringe upon the privacy and solitude of another.* This is precisely what the state has done by enacting § 565.090." *Id.* at 827 (emphasis added).

There is plenty of evidence to support a finding that defendant intended to "infringe upon the privacy and solitude" of Winter in her personal moments. The statute does not require that the victim receive the call in his or her own home and the statement made by the supreme court in *Koetting* refers to the privacy interests of persons in their individual capacities. In most instances, such an invasion will occur in one's own home. In this case, Winter's privacy was invaded by a call received on her mother's phone. The statute focuses on the intent of the caller to harass the victim by telephone, and it is the intent which the evidence must show.

The trial court did not err by failing to sustain defendant's motion for judgment of acquittal at the close of the state's evidence.

The judgment is affirmed.