**STATE of Missouri, Respondent,**

v.

**Eldon G. MELLOTT, Appellant.**

**No. WD 38884.**

Missouri Court of Appeals,
Western District.

July 14, 1987.

Nancy McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

LOWENSTEIN, Presiding Judge.

The appellant Eldon Mellott was convicted by a jury of one count of sexual abuse in the first degree under § 566.100, RSMo 1986 and one count of sodomy under § 566.060, RSMo 1986. He was sentenced to concurrent terms of five and fifteen years imprisonment. His points on appeal question the sufficiency of the evidence to support the convictions. This court affirms.

The appellant lived in Centralia, Missouri with Debbie and her ten year old daughter, Julia. Julia's two sisters, Elizabeth, age seven, and Michelle, age five, lived with their father, but regularly visited the appellant, their mother and Julia.

The evidence was the appellant "doctored the bottoms" of all the girls. This would occur in the living room usually after the girls had bathed. For example Julia, at ten, the oldest, who was undressed, was required to spread her legs while the appellant put a medication, Desitin, on his finger and then "[p]ut [his finger] up in between [the girls'] legs." Appellant told Julia this was necessary because the girls were "red" or "had a rash."

Elizabeth and Michelle were "doctored" each time they were at the house "unless [appellant] was tired." Julia was "doctored" every night unless the appellant was tired. The mother was present each time— assisting "once in a while" or "watching TV or sitting beside [appellant]." This practice occurred for approximately sixteen months.

In February, 1986, Bonnie Wise, a detective with the Boone County Sheriff's department, was contacted by the Division of Family Services (DFS) about a possible sexual abuse case. When Wise interviewed the appellant he said he would put Desitin

and other substances on three of his fingers and rub it on the inside and outside of the girls' vaginas. Wise asked Mellott if he had inserted the ointment directly into the vagina and he said he had done so.

At the request of DFS, Julia, Elizabeth and Michelle were examined by Dr. Willard Avery, a pediatrician at the University of Missouri. Dr. Avery found the center opening of Julia's hymen to be seven times larger than is expected of a child her age. Elizabeth had no hymen remaining and Michelle had "a colles' fracture like appearance" of the hymen. Dr. Avery said these findings were unusual and consistent with penetration of the vagina. Mellott was charged with three counts of sexual abuse for these "doctoring" incidents.

The sodomy charge and conviction stemmed from two incidents in which appellant forced Julia to touch his penis. The first incident occurred while Julia and the appellant were returning to Centralia from Mexico, Missouri. The appellant pulled his vehicle to the side of the road, unzipped his pants, "opened up his underwear" and told Julia to "feel him." The appellant put his hands around Julia's hands. Julia felt something she described as "like a worm." The second incident occurred when the appellant, Julia and the mother were plastering a ceiling at Mellott's farmhouse. While the mother was away, the appellant told Julia he had hurt himself (as he explained he thought he had suffered a heart attack), unzipped his pants and told Julia to "feel him." When Julia refused, appellant grabbed her hands, put them "between his legs" and "made [her] put them around him." When Detective Wise questioned the mother about the incident, she wrote and signed a statement which said when she returned from town she "saw [appellant] push his pants to his knees and take Julia's hand and put it on his privates."

The jury convicted the appellant on one count of the sexual abuse of Julia and one for the sodomy of Julia. This court in its review accepts as true all evidence, direct and circumstantial, and all reasonable inferences that support the judgment and must disregard contrary evidence and in-

ferences. *State v. Underwood,* 716 S.W.2d 853, 854 (Mo.App.1986).

Section 566.100 states in part:

1. A person commits the crime of sexual abuse in the first degree if:

(2) He subjects another person who is less than twelve years old to sexual contact.

Sexual contact is defined in § 566.010(3) RSMo 1986:

any touching of the genitals or anus of any person, or the breast of a female person or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person.

Section 566.060 reads:

A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is no married who is less than fourteen years old.

Deviate sexual intercourse is defined in § 566.010(2):

any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person.

The appellant's first point is that the evidence was insufficient to convict him of sexual abuse because there was no evidence the sexual contact was for the purpose of arousing or gratifying his sexual desire.

When an offense requires a specific intent, the intent is generally not susceptible of direct proof and is usually established by circumstantial evidence. *State v. Underwood, supra,* at 854, *State v. Heitman,* 613 S.W.2d 902, 905 (Mo.App.1981). The evidence here reveals the appellant "doctored" Julia for approximately sixteen months "every night unless [appellant] was tired." Julia was forced to lie nude with her legs spread while appellant inserted his fingers into her vagina. Julia "didn't like it" because "it didn't feel right." Although appellant said the "doctoring" was to treat a rash, Julia did not know she had a rash, had no problems in that part of her body and did not ask that the medication be applied. Appellant admitted he never took Julia to the doctor for treatment. The trier could reasonably infer from these facts the

appellant "doctored" Julia to arouse or gratify his sexual desire.

The appellant next argues the verdicts were inconsistent because he was convicted of sexual abuse of Julia but not convicted of sexual abuse of Elizabeth and Michelle even though the same evidence supported all three counts. Inconsistent verdicts do not require reversal if there is sufficient evidence to support the jury's findings of guilt. *State v. Clemons*, 643 S.W.2d 803, 805 (Mo. banc 1983), *State v. Cross*, 699 S.W.2d 51, 54 (Mo.App.1985). Inconsistent verdicts may reflect the jury's desire to reduce appellant's punishment for the crime. "Juries frequently convict on some counts and acquit on others not because they are unconvinced of guilt but simply because of compassion and compromise." *Clemons, supra*, at 805, citing *State v. Urhahn*, 621 S.W.2d 928, 934 (Mo. App.1981). In this case, there was sufficient evidence to support the jury's conviction on the sexual abuse count. Consequently, any inconsistency between the verdicts does not warrant reversal.

Finally, the appellant claims his sodomy conviction should be reversed because there was no evidence he acted with criminal intent. *State v. Beishir*, 646 S.W.2d 74 (Mo. banc 1983) answers this point. In *Beishir*, the supreme court held that § 566.060.2 is a strict liability crime. *Id.* at 79. *See also, State v. Bean*, 720 S.W.2d 21, 22 (Mo.App.1986). No evidence of criminal intent is required to convict under this statute and so appellant's claim must be and is denied.

The judgment is affirmed.