STATE of Missouri, Respondent,

v.

Thomas P. JOLES, Appellant.

No. 53435.

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Lew A. Kollias, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, Thomas P. Joles, appeals from a jury conviction of seven counts of stealing by deceit, in violation of RSMo § 570.030 (1986). He was sentenced as a persistent offender to a term of fifteen years on count I, a consecutive term of seven years on count II, and concurrent terms of fifteen years on counts III through VII, for a total of twenty-two years imprisonment. Defendant raises two issues on appeal. He argues the trial court erred in allowing the State to introduce into evidence the deposition of a certain witness because that witness was not an "essential witness" as defined in RSMo § 492.303 (1986). Defendant also alleges the trial court committed plain error in failing to declare a mistrial or take other corrective action because the prosecutor's comments during closing argument were improper. Finding defendant's contentions to be without merit, we affirm.

The State adduced the following evidence at trial, which evidence essentially detailed seven incidents of stealing by defendant. Defendant came by Clara Norman's house on December 7, 1984, and offered her a

free termite inspection, after which inspection he told her that he had found a termite's nest. She agreed to pay him $384.00 for termite control, and she in fact did pay him $3531.00 for other home repairs. Defendant sprayed part of her house for termites but never finished the job. As to the other repairs, she told defendant she was dissatisfied with his work; defendant promised to return her money but never did so. Defendant approached Elmer Curnuette at the latter's house on March 15, 1985, and the two men agreed defendant would put siding on Curnuette's house. Curnuette paid defendant $2750.00; defendant never performed any work on the home. Defendant went to Irene Lohman's house in April 1985, and defendant and she agreed that he would do some siding work on her house. She paid defendant $1054.00; defendant never performed any work on the home. Defendant approached Margaret Paul at her house in April 1985, and the parties agreed defendant would perform various home repairs. She paid defendant $2500.00; defendant performed none of the agreed upon work. Jane Hoffman and defendant, on January 14, 1986, agreed defendant would perform various improvements on her house. She paid defendant $500.00; defendant completed none of the improvements. Defendant went to Marcella Tucker's house on June 12, 1986, and defendant and she agreed defendant would spray her house for termites, put up siding and perform work on the foundation. She paid defendant $3960.00; aside from spraying the house and pulling off some shingles, defendant performed no other work. Defendant and Samuel Greer agreed on July 30, 1986, that defendant would spray Greer's house for termites. Greer paid defendant $500.00; defendant indicated to Greer that he completed the job while Greer was inside the house. Several witnesses who were familiar with pesticides testified defendant had not applied pesticides around the houses where he had contracted to perform work.

The deposition of Grace Porchey was also introduced into evidence. She explained that defendant agreed to spray her home for termites in exchange for $375.00. Mrs. Porchey paid defendant $375.00; defendant performed none of the agreed upon work. In contrast to Lohman, Curnuette, Paul, Norman, Hoffman, Tucker and Greer, defendant was not charged with stealing from Porchey. Additional facts will be set forth as they become warranted by our discussion of the issues.

■ In his first point, defendant maintains the trial court erred when it allowed the State to take and introduce into evidence the deposition of Grace Porchey. Section 492.303 provides that a deposition may be taken by the State where a person is an "essential witness." RSMo § 492.303.1 (1986). One is an essential witness if:

> [He] *is an eyewitness to a felony* or if a conviction would not be obtained without his testimony because the testimony would establish an element of the felony that cannot be proven in any other manner.

RSMo § 492.303.1 (1986) (emphasis added). Further, section 492.303.3 states that any deposition obtained in accordance with this statute may be used at trial, insofar as it is otherwise admissible under the rules of evidence. Defendant asserts "it is clear the legislature intended" that, in order for one to be an essential witness, one must be an eyewitness to a charged offense, which Porchey was not; however, defendant provides no support for this proposition and this court's research yields no basis for such a holding. The plain language of the statute states that one is an essential witness if he "is an eyewitness to *a* felony." RSMo § 492.303.1 (1986) (emphasis added). As the facts previously set forth show, Porchey's testimony demonstrated that she was an eyewitness to a felony. Moreover, even if the trial court erred in allowing the State to depose Porchey and introduce the deposition into evidence, the error, if any, was not prejudicial. For, Porchey's testimony was merely cumulative to the other strong evidence of defendant's guilt. *See State v. Kelley*, 693 S.W.2d 114, 118 (Mo. App., W.D.1985). This point is denied.

In his second point, defendant asserts the prosecutor's comments during closing

argument were improper. During closing argument, the prosecutor stated the defendant is "going to be doing the same thing again" unless he is convicted and incarcerated. Defense counsel raised no objection to this argument; thus we review for plain error. Rule 30.20. At the outset, the appellate court recognizes the trial court is vested with broad discretion in controlling closing argument, *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), and wide latitude is accorded counsel in his summation. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983). We will reverse a conviction on the basis of improper argument only if it is established that the complained of comment had a decisive effect on the jury's determination. *State v. Newlon*, 627 S.W.2d at 616.

It is improper for a prosecutor to argue as to a defendant's criminal proclivities or as to the necessity for deterring him from committing further crimes. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo.1970). A prosecutor should not speculate concerning future crimes a defendant may commit. *State v. Swenson*, 551 S.W.2d 917, 919 (Mo.App., W.D.1977). The basis for this rule is that a defendant is on trial for what he is alleged to have done in the past and not for what he might do. *State v. Raspberry*, 452 S.W.2d at 172.

Nonetheless, our review is circumscribed to an examination for plain error, and plain error does not embrace all trial error. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979). This court's discretion to reverse a conviction on the basis of plain error should be exercised sparingly; plain error is not a vehicle by which this court may review every alleged trial error which is not asserted or preserved for review. Its application is limited to instances where it is manifest that injustice or a miscarriage of justice will result if such review is not invoked. *Id.* Moreover, ordinarily an error made during closing argument does not justify relief under this standard unless we determine the error had a decisive effect on the jury. *Id.* A review of the strong and copious evidence of defendant's guilt, as well as the prosecutor's

argument in its entirety, fails to convince us that the complained of comment had a decisive effect on the jury. *See State v. Murphy*, 739 S.W.2d 565, 570 (Mo.App., E.D.1987) (Prosecutor's comment did not constitute plain error when prosecutor argued that a verdict of not guilty would tell the defendant to "go on burglarizing out there....").

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.