**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Bobby MAXWELL,
Defendant–Appellant.**

**No. 15603.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 5, 1988.

Sharon Ayers, Poplar Bluff, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Bobby Maxwell guilty of sexual abuse in the first degree, § 566.100.1(2),[1] and he was sentenced to imprisonment for one year. Defendant appeals.

Defendant's sole point is that the evidence is insufficient to support the verdict and that the trial court erred in ruling otherwise. In reviewing defendant's point, this court must consider the evidence in the light most favorable to the state, including all favorable inferences to be drawn from the evidence, and must disregard all evidence and inferences to the contrary. *State v. Eastin,* 735 S.W.2d 50, 53 (Mo. App.1987); *State v. Edwards,* 657 S.W.2d 343, 346 (Mo.App.1983). This court must determine whether the guilty verdict is supported by substantial evidence, "which is evidence the jury could find the issue in harmony therewith." *State v. Harding,* 734 S.W.2d 871, 874 (Mo.App.1987). "A conviction of child molestation may be had on the uncorroborated testimony of the complaining witness, where the testimony of the complaining witness is not inherently improbable or unworthy of credence." *State v. Garner,* 481 S.W.2d 239, 242 (Mo. 1972). See also *State v. Harding,* supra, at 874.

A person commits the crime of sexual abuse in the first degree if he subjects another person who is less than 12 years old to sexual contact. § 566.100.1(2). " 'Sexual contact' means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.1(3). In *State v. Mellott,* 733 S.W.2d 814, 815 (Mo. App.1987), involving a conviction of sexual abuse in the first degree, the court said: "When an offense requires a specific intent, the intent is generally not susceptible of direct proof and is usually established by circumstantial evidence."

The offense was committed on August 8, 1987, and the victim was a girl named Jennifer who was born December 21, 1978. On the day of the offense Velva Foyle took Jennifer and Jennifer's three-year-old brother Justin to visit defendant at his trailer in Dexter. During the afternoon Jennifer got "poked in the eye" by Justin, and Jennifer wanted to lie down and take a nap. Velva Foyle testified that Justin was ready for his nap so Justin and Jennifer went into the bedroom for that purpose. Mrs. Foyle left the house for about 15 minutes. Upon her return she called out for Jennifer, and Jennifer and the defendant came out of the bedroom.

Jennifer testified, "Justin and I went in to take a nap in [defendant's] bedroom. While we were in there, [defendant] came into the bedroom. [Defendant] "took his finger and stuck it up my butt. [Defendant] did that after he laid down. I told him to stop. He stopped for a while and then he did it again. He didn't get up and leave until Velva got home and called my name and all three of us got up and went into the room."

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

Jennifer's mother was in Kansas City on the day of the incident and did not return to Dexter until the following day, when Jennifer reported the incident to her. The mother and her sister Velva went to the police station immediately and reported the incident.

Testifying in his own behalf, defendant admitted that after Jennifer and Justin went into the bedroom and "laid down," he went in the bedroom and "laid down. I tried to comfort Jennifer but I had the girl on my right hand side and the boy on my left. They were on each arm. I fell asleep." Defendant said it was possible "that Jennifer might have rolled over" onto his hand, and "that's the only explanation" he had.

From the foregoing evidence the jury could properly find that defendant touched Jennifer's anus for the purpose of arousing or gratifying his sexual desire, and that Jennifer was less than 12 years old at the time. This court holds that the evidence is sufficient to support the verdict.

The judgment is affirmed.

HOGAN, MAUS and PREWITT, JJ., concur.