**STATE of Missouri, Respondent,**

v.

**Toby ROBINSON, Appellant.**

**No. ED 73515.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 1, 1998.

Mary S. Choi, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant, Toby Robinson, appeals conviction and sentences on charges of murder in the second degree in violation of section 565.020.1 RSMo 1994 and armed criminal action in violation of section 570.015 RSMo 1994. Defendant contends: (1) the evidence was insufficient to support a finding that he acted with co-defendant, Timmy Barr (Barr), to intentionally cause a death; and, (2) the court plainly erred in allowing a detective to testify about a prior shooting incident because the detective had no personal knowledge of the event.

The State offered evidence to support findings that Defendant: (1) drove around with Barr; (2) knew Barr possessed a rifle; (3) drove into the neighborhood where rival gang-members lived; (4) stopped the car in the middle of the street, 60 feet back from the stoplight, right in front of an apartment building; and, (5) waited 20 seconds while Barr pulled out the rifle and fired at people on the porch. One person on the porch, Brenda Verges, was hit and killed. Defendant sped away and failed to report the incident to the police.

Defendant testified that he was driving a stolen car provided by a friend. He did not know, at first, that it was stolen. At one location, he left the car running when he got out to speak with some friends. When he returned, Barr was sitting in the car. Barr suggested they go for a ride. Defendant realized the car was stolen "a little bit before the incident" because he saw "chipped pieces and things" scattered on the floor. Eventually, at the intersection of Hamilton and Page Avenues, he stopped behind two cars waiting for a stoplight. About 20 seconds later, he heard multiple gunshots very close to him. When he heard the shots he looked over and saw Barr hanging out of the window with the gun, but did not hear him firing shots. Prior to that, he did not know Barr had a gun because it was dark and Barr was already in the car. He ducked down, hit the gas, al-most hit the car in front of him and ran the stoplight. He turned a couple of corners, pulled over and parked. Barr jumped out and ran. Defendant did the same.

Defendant did not disagree with anything he had said in a statement given to the police and offered by the State.[1] He testified that his statement was truthful. However, on direct examination, he explained assertions he made in his statement: (1) he had problems with people in the area of the shooting, but not with people in the building where the shooting occurred; (2) he was a member of a gang, but he is no longer in a gang; and, (3) he was unsure if Barr was a member of a gang.

On cross-examination, Defendant testified that he had a prior conviction of second degree tampering for riding in a stolen automobile. He did not know the last name of the man who provided the automobile that he was driving at the scene of the shooting. He further testified that he realized the car was stolen 15 to 20 minutes before the shooting and that he did not know from where Barr got the rifle. When arrested, Defendant gave the police a false name.

When reviewing a challenge to the sufficiency of the evidence, "appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Upon review, all evidence favorable to the state is accepted as true, which includes favorable inferences adduced by the evidence; all evidence and inferences to the contrary are disregarded. *Id.* A jury "may believe or disbelieve all, part, or none of the testimony of any witness." *State v. White*, 847 S.W.2d 929, 933 (Mo.App. E.D.1993). In this case, the jury is entitled to disbelieve Defendant's contradictory statements and consider other evidence.

The direct evidence, including Defendant's testimony, and the inferences favorable to the state were sufficient to support the conviction. *Id.* Defendant was driving an

---

1. State's witness, Officer Nickerson, read into evidence Defendant's statement. In his statement, he admits to being a member of a gang and that he has "had problems with the guys in the building where the shooting happened," members of a rival gang.

automobile that he determined was stolen at least 20 minutes before the shooting. He was driving an acquaintance, who he stated "probably was" a fellow gang-member, armed with a rifle. The size of the rifle would support an inference that Defendant was aware Barr was armed. Defendant's troubles with occupants of the apartment building where the shooting occurred would support a finding of motive to participate with Barr in a drive-by shooting. Within 10 to 20 seconds, Barr fired approximately eight shots with a rifle. He hit and killed Brenda Verges. On this evidence a reasonable jury could have found that Defendant acted with Barr in committing the murder. Point denied.

■ Defendant's second claim of error is offered to support a new trial. The testimony of a police officer regarding a shooting which occurred several days before the subject events may have been hearsay. However, the trial objection was not preserved in the motion for new trial and we review only for plain error. The testimony regarding a previous shooting incident was not a matter of manifest injustice. Defendant's testimony and statement to the police established that: (1) he was a member of a gang; (2) he was unsure if Barr was a member of the same gang, but thought that he "probably was;" and, (3) defendant had troubles with people who lived in the apartment where the shooting occurred. This evidence was sufficient to support an inference the shooting was motivated by an intent to avenge prior events. Mention of a prior shooting did not provide the only evidence necessary to support a finding of intent. For that same reason, Defendant cannot meet a burden to establish that this claim of error involves a miscarriage of justice. *State v. Tokar*, 918 S.W.2d 753, 769–70 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Point denied.

We affirm.

ROBERT G. DOWD, Jr., C.J. and
ROBERT E. CRIST, Senior Judge, concur.

