STATE of Missouri, Respondent,

v.

Kimberly Sue MATHEWS, Appellant.

No. 23109.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 15, 2000.

Motion for Rehearing or Transfer
Denied Dec. 7, 2000.

Application for Transfer Denied
Jan. 23, 2001.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Chief Judge.

Appellant Kimberly Mathews ("Mathews"), was convicted by a jury of possession of a controlled substance with intent to distribute, § 195.211, RSMo 1994, and sentenced to ten years' imprisonment to be served consecutively to any existing sentence. She appeals, contending that the trial court erred when it allowed testimony that she had a receipt in her purse at the time of her arrest showing the purchase of several "scales" from Wal Mart. She also contends that the trial court committed plain error when it, *sua sponte,* failed to prevent a Sheriff's deputy involved in the arrest to testify as to his opinion on an

issue of "ultimate fact" and therefore "[invade] the province of the jury...."

■ Mathews does not challenge the sufficiency of the evidence supporting her conviction. On review, we view the evidence in the light most favorable to the verdicts, and we do not consider contrary or adverse evidence. *See State v. Garrison*, 975 S.W.2d 460 (Mo.App.1998).

On August 11, 1998, at approximately 11:30 p.m., Deputy Sheriff William Watts pulled Mathews' car over because one of the vehicle's headlights was out. A check on her license revealed an outstanding warrant for her arrest. Watts testified that Mathews appeared nervous and was constantly moving, shuffling her feet against the seat, and was "real protective about [the] floorboard." Because of the warrant, Watts placed Mathews under arrest. Mathews agreed to let the deputy search her car. The search revealed a package of tinfoil wrapped around some plastic bags under the driver's seat. The bags contained coffee filters with methamphetamine inside them. Mathews told Watts, "[y]ou're not going to believe me, but this stuff is not mine." When searching Mathews' purse, deputies found a toothbrush holder containing five plastic baggies. Three of the baggies contained methamphetamine and two of the baggies were empty.[1] The baggie with the largest amount of powder in it had the letters KM written on it. The methamphetamine in Mathews' purse weighed 7.82 grams and had a street value of $600. The deputies also found a "marijuana pipe" and a metal camping style matchbox with a brown glass vial containing a white residue. Mathews was carrying $400 in cash on her person at the time of her arrest and the deputies found another $170 or $179 in cash in her purse.

Also in her purse, the deputies found a handwritten note on a slip of paper. The note said: "Steve, 3,200; Kim, 2,400." Above these numbers was written "5,600." Under the "5,600" was written "1,600" which was then subtracted leaving "400 [sic]." The note also had the entries "2 oz ... B, 4, paid, 1 equals 1600 ... owes 2½." The deputies also found a receipt from Wal Mart in her purse that showed the purchase of several "scales" which was dated a week prior to Mathews' arrest.[2]

At trial, Watts testified, over objection, that scales are used "to weigh drugs and to break drugs down to smaller units or larger units.... If ... they want to break methamphetamines down from ... ounces to grams where they can make either eight balls or single packages, then ... you'll need your scales to know how much to put in."

■ Both of Mathews' points of trial court error posit error in the admission of evidence. "Trial courts have broad discretion when it comes to the admission or the exclusion of évidence at trial. An appellate court will not interfere with a trial court's ruling as to the admission or exclusion of evidence absent a clear abuse of discretion." *State v. Yahne*, 943 S.W.2d 741, 745 (Mo.App.1997). A trial court will be found to have abused its discretion when a ruling is:

> clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable [persons] can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*State v. Brown*, 939 S.W.2d 882, 883–84 (Mo. banc 1997)(quoting *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976)).

---

1. Mathews stated at the scene that the white powder in the baggies was "methamphetamine." Later testing confirmed the substance was methamphetamine.

2. The record is not clear as to the number or the types of "scales" that are reflected as having been purchased. It appears that more than one "scale" had been bought.

## I.

In her first point on appeal, Mathews contends that the trial court erred in allowing Deputy Watts to testify that Mathews had a receipt from Wal Mart in her purse at the time of her arrest that showed the purchase of the "scales." Mathews claims that the testimony was "irrelevant because there was no evidence as to what kind of scales were purchased or whether they could be used in the distribution of drugs" and that she was prejudiced by its admission.

"Evidence is logically relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or if it tends to corroborate evidence which itself is relevant and bears on the principal issue of the case." *State v. Wayman*, 926 S.W.2d 900, 905 (Mo.App.1996); *see State v. Fanning*, 939 S.W.2d 941, 948 n. 14 (Mo.App.1997)("Evidence is logically relevant to prove or disprove a mental state if its existence appears more or less probable than it did before the state offered the evidence."). " 'Legal relevance involves a process through which the probative value of the evidence (its usefulness) is weighed against the dangers of unfair prejudice, confusion of the issues misleading the jury, undue delay, waste of time or needless presentation of cumulative evidence (the cost of evidence).' " *Fanning*, 939 S.W.2d at 948 n. 14(quoting *Olinger v. General Heating & Cooling Co.*, 896 S.W.2d 43, 48 (Mo.App.1994)). "Balancing the effect and value of evidence is within the trial court's sound discretion." *Wayman*, 926 S.W.2d at 905. "Error regarding the admission of evidence will result in reversal only if it results in substantial and glaring injustice." *Id.*

Here, Deputy Watts' testimony that Mathews had a receipt showing the purchase of "scales" from Wal Mart and that scales are used to package drugs for sale was *logically* relevant to the issue of whether or not Mathews was intending to distribute methamphetamine. However, it is unclear whether the evidence was *legally* relevant, since there was no proof that the scales were the type that could be used to weigh small quantities, that the scales had not been returned, etc. Nonetheless, we are not persuaded that reversal is required because even if the testimony was not legally relevant, we do not believe the error resulted in a "substantial and glaring injustice." *Id.*

Here, testimony was presented that the amount of methamphetamine that Mathews possessed was greater than what would normally be found if she was going to use it personally. Second, Mathews had a large amount of cash on her person and more in her purse. Third, a slip of paper with names, numbers and weights was found in her purse. Fourth, the methamphetamine was found in coffee filters under her feet and in her purse and the methamphetamine in her purse was both in large bags—one with her initials on it—and a number of small bags. Together, the above factors are probative of an intent to distribute methamphetamine. *See State v. Steward*, 844 S.W.2d 31, 35 (Mo. App.1992)(drugs and other drug related items "tended to show that a drug selling operation was being run out of defendant's house, making it highly unlikely that defendant was unaware of the presence of the cocaine in her house").

We observe that Mathews' trial counsel made the weaknesses of Watts' trial testimony about the scales clear to the jury. In closing argument, defense counsel argued:

You've some evidence about some scales, a Wal Mart receipt involving scales. Ladies and gentlemen of the jury, what kind of scales are we talking about?

Now, Deputy Watts assumes that we were talking about small types of scales where you can measure drugs, but there are—when you go to Wal Mart, there are several types of scales you can get

there. I mean, if you want to weigh yourself, you can buy something and it's going to come out on the receipt—if you buy a scale it's going to come out on the receipt as a scale. If you buy a scale to measure fish, it's going to come out on a receipt as a scale.

The truth is we don't know anything about that. We don't even know who bought that stuff. There's nothing on the receipt that says it was Kimberly Mathews. We don't know when it was purchased. We don't even know what type of a scale it was. The State has proven nothing there.

Considering the totality of the evidence presented we find no error in the trial court allowing testimony relating to the receipt in question. Point denied.

## II.

■ In her second point on appeal, Mathews argues that the trial court erred when it allowed Deputy Watts to testify that it was his opinion that Mathews intended to distribute the drugs because of the amount of methamphetamine involved, the cash Ms. Mathews had on her person, and the plastic bags she was carrying. She contends that Deputy Watts' testimony improperly "invade[d] the province of the jury." *State v. Hendrix*, 883 S.W.2d 935, 940 (Mo.App.1994).

■ Mathews acknowledges that the statements that she complains about were not objected to at trial and asks that we review for plain error. *See* Rule 30.20, Missouri Court Rules (2000). Plain error relief will be granted only when the alleged error so substantially affects the rights of the accused that manifest injustice or miscarriage of justice may inexorably result if left uncorrected. *See id.; State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991). More than a mere showing of demonstrable prejudice is required as a basis for reversal under plain error. *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989).

We are not persuaded that Deputy Watts' testimony was a decisive factor for the jury when it made its determination. The State's case against Mathews is strong, as set out in our previous review of the evidence. Accordingly, we are not persuaded that the lack of trial court action in *sua sponte* preventing the recital of Deputy Watts' testimony, as set out, amounted to a manifest injustice or miscarriage of justice. *See State v. Culbertson*, 999 S.W.2d 732, 737 (Mo.App.1999). Point denied.

The judgment is affirmed.

PREWITT, J., concurs.

CROW, J., concurs.