STATE of Missouri, Respondent,

v.

Scott E. BRYAN, Appellant.

No. 24013.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 6, 2001.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Chief Judge.

Scott E. Bryan ("Defendant") appeals from a jury conviction of two counts of kidnapping, § 565.110, one count of attempted forcible sodomy, § 566.060, RSMo Cum.Supp.1998 and § 564.011, and three counts of assault in the second degree assault, § 565.060, in the Circuit Court of Greene County.[1] Defendant was sentenced to concurrent terms of fifteen years imprisonment in the Missouri Department of Corrections for each count of kidnapping, five years for one count of assault, and seven years for the remaining two counts of assault, to run consecutively with ten years imprisonment for sodomy.

On appeal, Defendant raises four points of error. First, Defendant maintains the trial court erred in admitting exhibits and evidence relating to a video deposition of one of the victims. Second, Defendant asserts that the trial court erred in overruling Defendant's motion for judgment of acquittal as to one count of assault because insufficient evidence was presented to establish that Defendant attempted to cause physical injury. Third, Defendant argues the trial court erred in overruling Defendant's motion for judgment of acquittal to attempted forcible sodomy because there was insufficient evidence to establish that Defendant acted "with intent to arouse or gratify sexual desire." Fourth, Defendant alleges trial court error in entering a judgment of guilt as to forcible sodomy because the jury found Defendant guilty only of attempted forcible sodomy. As the State of Missouri ("the State") concurs with Defendant on this latter point, we reverse. However, in all other respects we affirm.

Two of Defendant's points challenge the sufficiency of the evidence supporting his conviction. This Court's review of Defendant's challenge to the sufficiency of the evidence is limited to " 'a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.' " *State v. Hayes,* 15 S.W.3d 779, 782 (Mo.App.2000) (quoting *State v. Robinson,* 982 S.W.2d 747, 748 (Mo.App. 1998)). "[A]ll evidence favorable to the state is accepted as true, which includes favorable inferences adduced by the evidence; all evidence and inferences to the contrary are disregarded." *Id.* "Questions of credibility of a witness and the

---

1. All statutory references are to RSMo 1994, unless otherwise set out.

effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury." *State v. Vaughn*, 32 S.W.3d 798, 799 (Mo.App.2000). As such, " '[a] jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit, and may believe or disbelieve all, part, or none of the testimony of any witness.' " *State v. Immekus*, 28 S.W.3d 421, 426 (Mo.App.2000) (quoting *State v. White*, 847 S.W.2d 929, 933 (Mo.App.1993)).

Viewed in a light most favorable to the verdict, the evidence shows that in the early morning hours of June 6, 1999, Defendant engaged in a telephonic conversation with William DeLong ("DeLong") and Phillip Smith ("Smith"). Defendant related the allegations of a young female friend of Defendant who had accused both De-Long and Smith of raping her. Defendant told DeLong and Smith to come to his apartment to discuss this situation, and threatened "to come looking for [them]" if they did not meet with him at his apartment.

DeLong and Smith proceeded to Defendant's apartment in Smith's vehicle. Upon arriving in the parking lot, Defendant, James Splain ("Splain"), and Jacob Horwitz ("Horwitz") were standing outside and approached Smith's vehicle. Defendant reached inside and pulled out the keys from the vehicle, and then Splain pulled Smith out of the vehicle while Horwitz grabbed DeLong and pulled him out of the vehicle. At that point, Defendant proceeded to punch and kick Smith in the face, stomach, and legs while Horwitz provided the same treatment to DeLong.[2] Defendant, Horwitz, and Splain then dragged Smith and DeLong into Defendant's apartment located on the second-floor of the apartment complex.

Once inside, Smith and DeLong were subjected to several hours of beating and cruelty at the hands of Defendant, Horwitz, and Splain. Smith and DeLong also were repeatedly asked whether they had raped Defendant's friend. When they made denials the beatings continued. Smith and DeLong were forced to remove their clothing several times during the evening. While unclothed, the two had hot candle wax dripped on them, were beaten with a belt, and were forced to shower together and wash each other. Defendant took a large water-gun and sprayed it at Smith's and DeLong's exposed buttocks. At one point, Defendant stood in front of a kneeled Smith and placed a deer knife in Smith's mouth and moved it in an "in-and-out motion." After removing the knife, Defendant then exposed his penis and put it up to Smith's mouth and forced Smith to place his lips on the penis.

Later Defendant, Splain, and Horwitz, together with Smith and DeLong, entered Splain's truck and pulled up to a convenience store. Smith and DeLong were able to get away. Smith ran into the convenience store and asked the clerk to call the police while DeLong ran and hid behind a trash dumpster. After the police arrived, Smith and DeLong were transported to a hospital for treatment of their injuries and Defendant was eventually located and taken into custody. Upon being questioned, Defendant gave a videotaped statement that, save for allegations relating to the forcible sodomy of Smith, largely corroborated much of the events that Smith and DeLong had recited to police.

At trial, DeLong testified as to what had happened to him and Smith that evening. Smith was unavailable to present live testimony, as he was serving in the military in Europe. However, the trial court, over

**2.** Defendant was wearing "steel-toed boots."

Defendant's objections, allowed the State to present Smith's video-taped deposition that had taken place a few months earlier.[3]

Splain was also called as a State's witness and corroborated much of the testimony given by the victims in the case. Additionally, the State introduced the video-taped statement made by Defendant to police officers.

In his first point, Defendant posits trial court error in admitting exhibits relating to Smith's video deposition and attendant transcriptions of his video deposition. He contends this resulted in a violation of his state and federally guaranteed constitutional rights. Particularly, Defendant contends that the deposition failed to comply with § 492.303.1, and Rules 25.14 and 25.15, because the State had failed to give five days notice prior to the taking of the deposition to preserve testimony for trial and otherwise failed to give adequate notice; failed to use diligence to obtain Smith's presence at trial; and the trial court failed to issue orders protecting Defendant's right to notice and full cross-

examination after the co-defendant's cross-examination.[4]

■ Defendant sets out that the State requested leave of the court to preserve the testimony of Smith by video deposition on July 25, 2000, and the trial court sustained the State's motion. The State then filed notice of the deposition on July 26, 2000, requesting that the deposition take place the following day because Smith was leaving the country on July 28, 2000. The trial court heard arguments, sustained the State's request, and the deposition of Smith proceeded on July 27, 2000. As previously set out, Defendant was present at the deposition with his counsel.

The State counters that while the five-day notice in section 492.303.1 was not specifically followed, Rule 25.14 was effectively followed and "takes precedence over any contradictory statutes in procedural matters unless the legislature specifically amends or annuls the rules in a bill limited to that purpose." Citing *State ex. rel Kinsky v. Pratte*, 994 S.W.2d 74, (Mo.App.

---

3. Both Defendant and Horwitz were present for Smith's video-taped deposition.

4. Section 492.303.1 sets out in pertinent part:
   Upon the hearing of an application by a prosecuting attorney, served upon an accused or his counsel not less than five days before the date the deposition will be taken, and a finding that the witness is an essential witness, the state may take the deposition of the witness. A person is an "essential witness" if he is an eyewitness to a felony or if a conviction would not be obtained without his testimony because the testimony would establish an element of the felony that cannot be proven in any other manner.
   Rule 25.14 sets out in pertinent part:
   Upon a hearing of an application of counsel for the state duly served upon defendant or his counsel, and a finding by the court having jurisdiction to try the case wherein the defendant is charged with a felony, that it is necessary to take the deposition of any witness within the state, other than defen-

dant and spouse, in order to preserve the testimony, and on condition that the court make such orders as will fully protect the rights of personal confrontation and cross-examination of the witness by defendant, the state may take the deposition of such witness and either party may use the same at trial, subject to Rules 25.13 and 25.15 provided there has been substantial compliance with such orders.
   Rule 25.15   states:
   At the trial or upon any hearing, any deposition obtained in accordance with Rule 25.14, so far as it is otherwise admissible under the rules of evidence, may be used by the state if it appears: (1) that the witness is dead, or (2) that the state has made a good faith effort to obtain the presence of the witness at the hearing or trial, but has been unable to procure the attendance of the witness.
   All rule references are to Missouri Court Rules 2001.

1999), the State argues that the Supreme Court adopts "rules of criminal and civil procedure which supercede all statutes and court rules inconsistent therewith." *Id.* at 75. The State also sets out that Defendant has failed to point out what real prejudice, if any, the presentation of the deposition in lieu of his live testimony had on the jury.

■ The trial court is afforded broad discretion in the admission or exclusion of evidence at trial. *State v. Mathews,* 33 S.W.3d 658, 660 (Mo.App.2000). Absent a clear abuse of discretion by the trial court, this Court will not disturb the trial court's ruling concerning the admission or exclusion of evidence. *Id.*

■ Initially, we note that the Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him. . . ." U.S. CONST. amend. VI; *see State v. Glaese,* 956 S.W.2d 926, 930 (Mo.App.1997). The Sixth Amendment is applicable to criminal proceedings in state courts through the Fourteenth Amendment of the United States Constitution and prohibits the deprivation of life or liberty without due process of law. *Glaese,* 956 S.W.2d at 930; *State v. Jackson,* 495 S.W.2d 80, 83 (Mo.App.1973). The Missouri Constitution provides that "in criminal prosecutions the accused shall have the right to . . . meet the witnesses against him face to face. . . ." MO. CONST. Art. I, § 18(a).

■ In reviewing the record, we discern that Defendant was afforded only a very brief time, two days, between the State's notice and motion for Smith's deposition, the trial court's ruling that the deposition could proceed, and the actual date of the deposition. While troublesome, we cannot say that Defendant was prejudiced per se

by either the violation of the five-day prior notice requirement imposed by section 492.303.1, or by the absence of trial-court ordered ground rules governing the deposition. "Only prejudicial error requires reversal of a judgment of conviction." *Glaese,* 956 S.W.2d at 932. We observe from our review of the record that Defendant and his counsel were present at the deposition and were allowed full opportunity to cross-examine Smith and did so with commendable vigor. *See State v. Hankins,* 642 S.W.2d 606, 610–11 (Mo.1982). Furthermore, over a year had lapsed from the time of the original felony complaint and the date of the deposition, which should have provided sufficient time for Defendant to have adequately commenced preparations for trial, including preparations for the taking of depositions for either discovery or preservation of testimony purposes. Additionally, we note that during the course of the deposition Smith testified that he was to "go to Germany for a couple of weeks [for deployment] off of Kosovo." This testimony obviated the requirement of Rule 25.15 to show a "good faith effort to obtain the presence of the witness at the hearing or trial." *See also State v. Taylor,* 742 S.W.2d 625, 628 (Mo.App.1988); *State v. Lindsay,* 709 S.W.2d 499, 505 (Mo.App.1986).

■ Assuming arguendo Smith's deposition should have been excluded by the trial court, this error was not prejudicial. *State v. Joles,* 755 S.W.2d 622, 623 (Mo.App.1988). This is because Smith's "testimony was merely cumulative to the other strong evidence of [D]efendant's guilt." *Id.* Along with extensive testimony from DeLong, the other victim, the jury also heard Splain testify as to the acts that he, Horwitz, and Defendant had committed. These recitals substantiated the events as set out by DeLong and Smith. Also, the jury heard testimony from De-

fendant regarding the events of June 6, 1999, through his video-taped statement admitted into evidence. In the video-tape the jury saw and heard Defendant admit to "smacking [them] a little bit;" admitted to being drunk; admitted that there was a "bunch of yelling" and a little "hitting." Also that he "kind of hosed them down a little bit" in "the ass" with a water gun. Defendant also recited that he had cut one of the men's thumb and admitted hitting them with a belt after he had wet the belt with water and that he made them get naked and take a shower. He acknowledged someone "ended up dumping candle wax and shit on them" and admitted forcing the victims to write a letter acknowledging their rape of Ms. Stevens. There is a recital that if they looked at Defendant he would hit them and he told them that he might have to cut their "dicks off." He also acknowledged that he got "carried away." "Reversible error cannot be predicated upon the admission of evidence which the defendant later confirms by his own testimony." *State v. Williams,* 948 S.W.2d 429, 431–32 (Mo.App.1997). Point denied.

In his second point, Defendant maintains the trial court erred in not sustaining his motion for judgment of acquittal as to Count IV, involving the charge of second degree assault of Smith, because insufficient evidence was presented by the State to prove that Defendant "attempted to injure [Smith] by placing a knife in [Smith's] mouth." He asserts that there was no evidence presented at trial to show that Defendant intended to injure Smith. He argues that the evidence showed that Defendant was careful, remained in control of, and took care to assure that he did not injure Smith with the knife. We disagree.

The evidence presented at trial demonstrated that while Smith was kneeling on the ground, and while someone held his head back, Defendant approached Smith and "made him [Smith] swallow the knife," or "deep-throat it." Further, the knife was motioned up and down Smith's throat.[5] "Intent, as an element of assault, is generally not susceptible of direct evidentiary proof and may be established by circumstantial evidence or inferred from surrounding facts." *Immekus,* 28 S.W.3d at 426. "In determining a defendant's mental state, the jury is entitled to consider his conduct before the act, the act itself and his subsequent conduct." *Id.; see State v. Theus,* 967 S.W.2d 234, 239 (Mo. App.1998).

Considering the surrounding circumstances, including the fact that Smith had been kicked, punched, burned and abused by Defendant and his cohorts, the jury could have reasonably concluded that Defendant intended to cause physical injury to Smith by placing a knife down. his throat. It is this substantial step of placing a knife down the throat of the victim that corroborates the firmness of Defendant's purpose to complete the commission of the offense. *See State v. Whalen,* 49 S.W.3d 181, 186–87 (Mo. banc 2001); *see* footnote 6, *infra.* We find that sufficient evidence was presented for a jury to find Defendant guilty of assault in the second degree. Point denied.

In his third point, Defendant asserts trial court error in overruling his motion for acquittal as to the charge of attempted forcible sodomy because the State did not present sufficient evidence to "establish beyond a reasonable doubt that [Defen-

---

**5.** Defendant was charged with second degree assault under section 565.060.1 which, for purposes of this count, sets out in pertinent part: "A person commits the crime of assault in the second degree if he ... (2)[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument...."

dant] acted with intent to arouse or gratify sexual desire." He cites no authority in support of his proposition. He also sets out that his actions were meant only to retaliate for a perceived rape and his intention was to humiliate the victims rather than derive any sexual gratification from his actions. We disagree.

■ We observe that under section 566.060.1, RSMo Cum.Supp.1998 "[a] person commits the crime of forcible sodomy if such person has deviate sexual intercourse with another person by the use of forcible compulsion." Deviate sexual intercourse is defined as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person ... done for the purpose of arousing or gratifying the sexual desire of any person." § 566.010(1), RSMo 2000. "An attempt to commit forcible sodomy is a lesser included offense of forcible sodomy." *State v. Messa*, 914 S.W.2d 53, 55 (Mo.App.1996).[6]

■ Testimony adduced at trial shows that at one point during the fracas, Defendant took "one hand around [Smith's] testicles and one hand around his penis and lifted him up off the ground." While Smith was kneeling in front of Defendant, the Defendant placed "K–Y jelly," on Smith's lips and "rubbed his penis on his lips." Defendant also asked victim De-Long if "[y]ou want to suck my dick?" The act of Defendant placing his penis on victim Smith's lips establishes that Defendant's actions against Smith that evening constituted deviate sexual intercourse. While there was conflicting evidence as to

whether Defendant's penis was erect or limp, there was ample evidence presented at trial for a jury to infer Defendant either attempted to or did place his penis against Smith's lips to arouse or gratify his sexual desire. *State v. Mellott*, 733 S.W.2d 814, 815–16 (Mo.App.1987). There was sufficient evidence supporting the jury's verdict finding Defendant guilty of attempted forcible sodomy. Point denied.

■ In his fourth point on appeal, Defendant maintains the trial court erred in entering a sentence and judgment against him for the crime of forcible sodomy because the jury returned a verdict of guilt as to the charge of attempted forcible sodomy per Count III. The State acknowledges the trial court error and the record supports Defendant's asseverations as to this point. *See State v. Cobbins*, 21 S.W.3d 876, 877–78 n. 2 (Mo.App.2000). Point sustained. On remand the trial court is directed to correct the sentence and judgment as to Count III.

The judgment is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

6. § 564.011 provides that:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A *"substantial step"* is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.