**STATE of Missouri, Respondent,**

v.

**Michael A. CARPENTER, Appellant.**

No. 24398.

Missouri Court of Appeals,
Southern District,
Division One.

April 19, 2002.

Nancy A. McKerrow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for respondent.

KERRY L. MONTGOMERY, Judge.

A jury convicted Michael A. Carpenter (Defendant) of assault on a law enforcement officer in the second degree, § 565.082.1.[1] He was sentenced to imprisonment for a term of ten years. His sole point on appeal contests the sufficiency of the evidence. We affirm.

■  On review, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Bryan*, 60 S.W.3d 713, 715 (Mo.App.2001). A jury is free to believe or disbelieve all, part, or none of the testimony of any witness. *Id.*

■  In reviewing a challenge to the sufficiency of the evidence, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Sales*, 886 S.W.2d 942 (Mo.App.1994).

Evidence at trial favorable to the State reveals the following facts. Deputy Sheriff Bill Merritt (Deputy) responded to a telephone hang up from a 911 emergency call around midnight on December 2, 1999. Upon pulling into the driveway of the residence from where the call was placed, Deputy observed a car with its doors open. The front door and storm door of the residence were also open. As he ap-

---

1. All statutory references are to RSMo 2000.

proached the house, Deputy heard a female scream. A woman met him at the door and asked that Defendant be removed from the house. Utilizing his flashlight, Deputy observed Defendant in the home standing near a broken lamp with blood running from his hairline to his nose.

Deputy asked Defendant if he was okay and Defendant entered a martial arts stance and screamed, "[Y]ou mother fucker, turn the light off." Defendant shoved Deputy against a wall. He turned around and said, "I'll take care of you" and walked toward a bedroom. Deputy followed Defendant into the bedroom and told Defendant he was under arrest. Defendant was seated on the bedroom floor, and Deputy again told Defendant that he was under arrest.

Defendant faced Deputy and grabbed at him. In a struggle, Deputy was able to "put" Defendant on the bed and attempted to handcuff him. As Deputy uncuffed his handcuffs, he heard a woman yelling and screaming from behind him. Believing he was about to be attacked, he raised his arm to defend himself. This allowed Defendant to flip Deputy over and roll away. Defendant had one end of the handcuffs and twisted the other end away from Deputy. He struck Deputy in the face with the open end of the handcuff cutting him from his ear to his chin.

Deputy was able to gain control of Defendant and had Defendant back on the bed. Defendant reached for the Deputy's service pistol and tried to remove it from its holster. Defendant repeated to the Deputy, "Mother fucker, I'm going to kill you." Deputy maintained control of his weapon, and then Defendant began hitting him on his head.

Defendant alleges that the State's evidence was insufficient to support the trier of fact's finding of guilt beyond a reasonable doubt because the State did not establish that he attempted to cause physical injury to Deputy Merritt by means of a dangerous instrument.

The offense of assault of a law enforcement officer in the second degree is defined as an attempt to cause or knowingly causing "physical injury to a law enforcement officer by means of a deadly weapon or dangerous instrument." § 565.082.1(1).

A "dangerous instrument" is defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." § 556.061(9). The term "serious physical injury" means "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(28).

■ Missouri courts have often held that seemingly innocuous items may be used as dangerous instruments. *See State v. Idlebird,* 896 S.W.2d 656, 663 (Mo.App. 1995) (fire); *State v. Terrell,* 751 S.W.2d 394, 396 (Mo.App.1988) (beer bottle); *State v. Davis,* 611 S.W.2d 384, 386–87 (Mo.App. 1981) (metal sign nailed to a wooden board attached to a wooden stake); *State v. Goodman,* 496 S.W.2d 850, 851 (Mo.1973) (champagne bottle); *State v. Seagraves,* 700 S.W.2d 95 (Mo.App.1985) (metal bar approximately 13 inches long and 1 inch in diameter). Thus, whether an instrument, article, or substance qualifies as a "dangerous instrument" depends on "whether the instrument is readily *capable* of causing death, serious disfigurement, or protracted loss or impairment of a body part and whether *any type* of physical injury resulted." *State v. Kobel,* 927 S.W.2d 455, 460 (Mo.App.1996).

■ Here, Defendant struck Deputy with his metal handcuffs producing a cut that ran almost the entire length of his

face. Without hesitation, we hold that Defendant knowingly used the metal handcuffs in a way which caused serious physical injury and that Defendant's use of the handcuffs was readily capable of causing serious physical injury.

The judgment of conviction is affirmed.

SHRUM, P.J., and BARNEY, C.J., concur.